**Mark AMES**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 10, 1987.

Decided Dec. 10, 1987.

---

Sandra Hylander Collier, Silsby & Silsby, Ellsworth, for plaintiff.

James Tierney, Atty. Gen., Wayne S. Moss, Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Petitioner, Mark Ames, in a post-conviction review of his conviction in Superior Court, Penobscot County, for gross sexual misconduct and unlawful sexual conduct, challenges that judgment on the grounds that he was denied the effective assistance of counsel in the underlying jury-waived trial.

Although the Petitioner complains of an inadequate pretrial investigation, the Petitioner withheld from his trial counsel until after conviction the name of the individual for whom he thought he had been mistaken. The Petitioner also argues that his trial counsel failed to advise him adequately of his right to trial by jury but conceded at this post-conviction hearing that in any event he would have opted for a bench trial.

The Petitioner next contends that his trial counsel failed to advise him fully of his right to a direct appeal from his conviction. At the post-conviction hearing, however, the Petitioner acknowledged that he and his trial counsel had discussed both the possible grounds and the prospects of an appeal.

Lastly, the Petitioner urged in his pleadings that his trial counsel failed to proffer evidence of the medical history of the victim's mother (not that of the victim herself nor of the Petitioner). At this post-conviction hearing he shifted his attack, urging a failure to proffer certain evidence of the medical history of the young victim. His counsel decided as a matter of trial strategy not to call for this purpose the physician whose testimony would not be conclusive but "ambiguous at best."

The Superior Court concluded that the Petitioner was deprived of neither the ef-fective assistance of counsel nor a fundamentally fair trial. We agree that the Petitioner failed to sustain his burden of showing that there had been such ineffective representation that he had been deprived of an otherwise available substantive ground of defense. *Lang v. Murch*, 438 A.2d 914, 915 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.